Guy W. Bluff  #010778
Bruce A. Smidt  #009849
BLUFF & ASSOCIATES
4205 N. 7th Ave, Ste. 201
Phoenix, Arizona 85013-3079
Tel:      602-452-2000
e-Fax:   623-748-5429
office@guywbluff.com; guywbluff@gmail.com

Attorneys for Blucor Contracting, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| David Michael Stodghill and Sharon Lee Stodghill, | Case No. 2:22-bk-00099-MCW |
| Debtors. | Adversary No. _____ |
| | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A) and (a)(4) |
| Blucor Contracting, Inc., | |
| Plaintiff, | |
| v. | |
| David Michael Stodghill and Sharon Lee Stodghill, | |
| Defendants. | |

Plaintiff Blucor Contracting, Inc. ("Blucor") brings this adversary proceeding seeking an order determining that the debt set forth in Blucor's proof of claim [Claim 7-1] is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4) and, in the

event Blucor's proof of claim (Claim No. 7, Filed Feb/23/2022) is contested, determining the amount by which Defendants David Michael Stodghill and Sharon Lee Stodghill are indebted to Blucor. In support thereof, Blucor states and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and venue of this adversary proceeding is with this Court pursuant to 28 U.S.C. § 1408 in that Defendants David Michael Stodghill and Sharon Lee Stodghill are debtors in this Chapter 13 proceeding.

## GENERAL BACKGROUND FACTS

2. Blucor realleges and incorporates all prior paragraphs hereof as if they were fully set forth herein.

3. Blucor is a corporation duly organized and existing pursuant to laws of the State of Arizona.

4. Defendants David Michael Stodghill and Sharon Lee Stodghill (collectively "Stodghills") are the managers and, upon information and belief, the sole members of, Stodghill & Sons Mining LLC ("SAS"), a limited liability company organized and existing pursuant to the laws of the State of Arizona. Defendant David Michael Stodghill ("David Stodghill") is the Statutory Agent for SAS.

5. In 2017, Blucor entered into a contract with the Flood Control District of Maricopa County, Arizona to act as the general contractor on a project known as FCD 2017C009, Durango Regional Conveyance Channel, 75th Avenue to 107th Avenue, PH. 1 & Ph. 2 ("Project").

6. On or about January 1, 2019, SAS and David Stodghill provided a written bid proposal to Blucor for the manufacturing and delivery of various crushed and

screened aggregate rock products to the Project. SAS agreed to act in the capacity of a subcontractor material supplier to Blucor, and, in the process of submitting that bid proposal, SAS and David Stodghill represented and provided assurances to Blucor that the company had the financial ability, labor, equipment, and capacity to timely provide the quantity and quality of specified materials required by Blucor for incorporation into the Project.

7.  Based on these representations and assurances, on February 4, 2019, Blucor entered into a written Subcontract Agreement ("Subcontract") wherein SAS agreed to supply and deliver specified quantities and quality of rip-rap and gravel to the Project as required by Blucor to comply with the construction schedule. The Subcontract was executed by David Stodghill.

8.  The Subcontract provided that payment for the materials SAS and David Stodghill were to supply would be made on a per ton basis but only for those materials meeting specifications that were actually delivered to and incorporated into the Project. The Subcontract further provided that no payment was due SAS unless and until Blucor received payment for such materials from the Flood Control District.

9.  Blucor took its first delivery of materials from SAS on March 18, 2019.

10.  On March 20, 2019, Blucor and SAS entered into an addendum to the Subcontract ("Addendum"). Among other things, the Addendum provided that the materials required under the Subcontract would be stored in trust at SAS' storage yard which was controlled and operated by Stodghill for the sole benefit of Blucor. The Addendum also modified the terms of payment to provide that payment for stored and allocated materials would be made within 90 days from receipt of an invoice for stored and allocated materials.

- 3 -                                                                              Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

11.     At the time the March 20, 2019 Addendum was entered into, SAS and Defendant David Stodghill represented to Blucor that all of the materials required under the Subcontract had already been manufactured, screened, and were stockpiled in SAS' storage yard and that such materials were ready for immediate delivery to Blucor.

12.     Despite SAS and David Stodghill's assurances that all the materials required under the Subcontract had already been manufactured, screened, and stockpiled, the quantities of materials SAS and Stodghill actually delivered to the Project were far less than the amounts needed to maintain the construction schedule.

13.     Blucor repeatedly requested that SAS and David Stodghill remedy their deficient performance under the Subcontract by increasing the amount of materials being delivered to the Project.

14.     SAS and David Stodghill continually represented and assured Blucor that additional hauling vehicles would be obtained, retained, or utilized for the purpose of increasing the quantity of materials delivered to Project, but SAS and David Stodghill repeatedly failed to do so.

15.     In response to Blucor's repeated demands to SAS and David Stodghill to increase the rate at which materials were delivered to the Project, David Stodghill notified Blucor that it had entered into an agreement with a "lender" from whom he would obtain funds he needed to repair and/or supplement his hauling fleet such as to remedy the deficient performance and to increase the rate at which materials would be delivered to the Project.

16.     On May 8, 2019, David Stodghill presented Blucor with a General Assignment from CapitalPlus Construction Services, LLC ("CapitalPlus") signed by David Stodghill and CapitalPlus which gave notice that all of SAS' accounts receivable

had been assigned to CapitalPlus and requesting that all future payments on SAS' account be delivered to CapitalPlus.

17.     Blucor was asked to acknowledge and sign the General Assignment by David Stodghill.

18.     Along with the General Assignment, David Stodghill also presented Blucor with a backdated invoice in the amount of $529,220.62, Invoice #4646, for processed materials stockpiled at SAS' storage yard and an Invoice Verification form acknowledging the accuracy of the invoice.

19.     David Stodghill demanded that Blucor sign the General Assignment and Invoice Verification, stating to Blucor that CapitalPlus would not release funds to SAS and Stodghill unless and until Blucor did so.  David Stodghill assured Blucor that he would use the funds to ensure that SAS was able to fulfill its obligations under the Subcontract and by increasing the rate at which materials were delivered to the Project.

20.     Before Blucor signed the General Assignment or Invoice Verification, a representative of Blucor visited the SAS storage yard and was informed once again by David Stodghill that the materials Blucor observed stockpiled corresponded to the materials on Invoice #4646 and were reserved and held in trust for Blucor under the Subcontract.

21.     Relying on SAS and David Stodghill's representations that the materials stockpiled in SAS' storage yard were reserved for Blucor and that he would use the funds obtained from CapitalPlus to ensure that SAS was able to timely fulfill its obligations under the Subcontract, Blucor signed the General Assignment and Invoice Verification.

22.     Upon receipt of the General Assignment and Invoice Verification executed by Blucor, CapitalPlus paid to SAS and Stodghill $423,376.50 which was to be held in trust for the benefit of complying with the Blucor – SAS Subcontract Agreement.

23. Despite SAS and David Stodghill's numerous assurances that they would only use the funds received from CapitalPlus to increase the rate of production and delivery of materials to the Project, they failed to do so and eventually ceased all together.

24. Rather than delivering the balance of the materials identified in Invoice #4646 which had been reserved and held in trust for Blucor and which Blucor had obligated itself to pay CapitalPlus SAS and David Stodghill sold Blucor's materials to other third parties.

25. As result of the failure to timely deliver the materials Blucor was forced to supplement SAS' scope of work with additional subcontractors and suppliers at substantially increased costs and expense to Blucor. SAS and David Stodghill's failure to perform also delayed the Project which in turn resulted in Blucor incurring delay damages and liability to the Flood Control District.

26. Despite having held the materials in trust, SAS and David Stodghill sold those materials to other third parties and did not pay over those funds to CapitalPlus as promised.

27. As a result, on August 5, 2019, CapitalPlus demanded that Blucor pay in full Invoice #4646. Blucor declined to do so as Blucor had received only a portion of the materials listed on the invoice and Blucor had already paid for all materials which were actually received and delivered to the project.

28. On October 22, 2019, CapitalPlus filed suit against Blucor and SAS in the Chancery Court for Knox County, Tennessee, seeking to recover the balance due under Invoice #4646. On November19, 2019, Blucor removed CapitalPlus' lawsuit to the United States District Court for the Eastern District of Tennessee where it was assigned Case No. 3:19-CV-00471-DCLC.

- 6 -                                                                Complaint

29.     Blucor subsequently filed a counterclaim against CapitalPlus and a third-party complaint against SAS.

30.     On April 30, 2021, a judgment in the amount of $200,073.69 in favor of CapitalPlus was entered against Blucor in Case No. 3:19-CV-00471-DCLC.  Blucor has satisfied this judgment and has fully paid CapitalPlus on the judgment.

31.     On December 6, 2021, a judgment in the amount of $1,596,446.71 in favor of Blucor was entered against SAS in Case No. 3:19-CV-00471-DCLC.

32.     On February 23, 2022, Blucor filed a proof of claim against Defendants Stodghill in the amount of $1,596,446.71 supported by the judgment that was entered against SAS in Case No. 3:19-CV-00471-DCLC.

## COUNT I – NON-DISCHARGEABILITY OF INDEBTEDNESS
### (11 U.S.C. § 523(a)(2)(A) and (a)(4))

33.     Blucor realleges and incorporates all prior paragraphs hereof as if they were fully set forth herein.

34.     During the course of the relationship from February 2019 through September 2019, David Stodghill made various misrepresentations to induce Blucor into signing the General Assignment and Invoice Verification including: (a) that the materials identified in Invoice #4646 had been fully processed, ready for shipment, (b), were stockpiled in SAS' yard, and were reserved and held in trust for the benefit of Blucor; and (c) that SAS and David Stodghill would use the funds it obtained from CapitalPlus to increase the rate at which it delivered materials to the Project so to comply with the construction schedule.

35.     Blucor signed the General Assignment and Invoice Verification in reliance on the aforementioned misrepresentations and CapitalPlus paid SAS and David Stodghill

- 7 -                                           Complaint

$423,376.50 in reliance upon the General Assignment and Invoice Verification signed by Blucor.

36.     Instead of using the $423,376.50 as promised for the benefit of Blucor's project, Stodghill used those funds for personal purposes. Upon information and belief, Stodghill took such funds to purchase real estate, make improvements to real estate, purchased personal property and otherwise used the trust funds for their personal benefit and enjoyment.

37.     The trust funds SAS and David Stodghill received from CapitalPlus were obtained by the aforementioned false representations.

38.     As the sole managers and members of SAS, the Stodghills personally benefited from the funds received from CapitalPlus and controlled how such funds were disbursed.

39.     Defendants Stodghill used the trust funds received from Capital Plus, which were guaranteed by Blucor, and further used and sold to various third parties the Blucor designated materials, stored at the SAS site, all of which the Stodghills controlled, again for their personal benefit.

40.     Defendants Stodghills' false pretenses, false representations, actual fraud, and wrongful use of the designated trust funds and sale of the trust property (materials), constitutes a violation of 11 U.S.C. § 523(a)(2)(A) for which Blucor has been damaged.

41.     Defendants Stodghills' fraud and defalcation while acting in a fiduciary capacity and wrongful use of the designated trust funds and sale of the trust property (materials), constitutes a violation of 11 U.S.C. § 523(a)(4).

WHEREFORE, Blucor prays for relief on Count One of its complaint against the Stodghills, jointly, severally, and against their marital community property assets as follows:

- 8 -                                         Complaint

A. For a determination of non-dischargeability of the Stodghills' debt owed to Blucor pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4);

B. For judgment against the Stodghills, as husband and wife, jointly and severally, and against their marital community, in an amount to be proven at trial; and

C. For such other and further relief as the Court may deem just under the circumstances.

## COUNT II – NON-DISCHARGEABILITY OF INDEBTEDNESS

### (11 U.S.C. § 523(a)(4) – Fraud or defalcation, Embezzlement and Larceny)

42. Blucor realleges and incorporates all prior paragraphs hereof as if they were fully set forth herein.

### Subcontract

43. SAS, at the direction of the Stodghills, represented to Blucor that SAS was able to timely supply all rock products Blucor needed for the Project under Blucor's contract with the Flood Control District.

44. The Stodghills intended that Blucor rely on such representations and that such representations would induce Blucor to enter into a subcontract with SAS.

45. Such representations were false and was known by the Stodghills to be false when made.

46. Such representations were material to Blucor and Blucor had the right to rely thereon.

47. Blucor was unaware that such representations were untrue and justifiably relied the truth thereof by entering into the Subcontract with SAS.

48. Blucor suffered damages as a result of entering into the Subcontract with SAS.

Complaint

## General Assignment and Invoice Verification

49.     SAS, at the direction of the Stodghills, represented to Blucor that the materials identified in Invoice #4646 had been fully processed, were stockpiled in SAS' storage yard, and were reserved and held in trust for the benefit of Blucor for use on the Project.

50.     David Stodghill further represented to Blucor that SAS would only use the funds it obtained from CapitalPlus to increase the rate at which it delivered materials to the Project so to comply with the construction schedule.  Such payment by CapitalPlus, which was in turn guaranteed by Blucor, was to be held in trust for the benefit of meeting the Subcontract requirements.  In making this statement David Stodghill was acting for the benefit of himself and his community property and as an agent of his wife as both he and his wife are managers and members of SAS.

51.     The Stodghills intended that Blucor rely on aforementioned representations and that such representations would induce Blucor to sign the General Assignment and Invoice Verification.

52.     The aforementioned representations were false and were known by the Stodghills to be false when made.

53.     The aforementioned representations were material to Blucor and Blucor had the right to rely thereon.

54.     Blucor was unaware that the aforementioned representations were untrue and justifiably relied the truth of such representations by signing the General Assignment and Invoice Verification.

55.     Instead of using the CapitalPlus trust funds for the benefit of Blucor and the Project, the Stodghills used the trust funds for their personal benefit.

- 10 -                                Complaint

56.     Instead of reserving the trust property (materials) for the sole and exclusive benefit of Blucor and the Project, Defendants used and sold to various third parties the Blucor designated materials, stored at the SAS site, all of which the Stodghills controlled, again for their personal benefit.

57.     Such conduct by the Stodghills constitutes a fraud and defalcation while acting in a fiduciary capacity.   Such conduct by the Stodghills also constitutes an embezzlement and larceny.

58.     As a direct and proximate result of the breach of trust, fraud, defalcation, embezzlement, larceny, and personal use of the (1) designated CapitalPlus funds for their personal benefit, (2) diversion of the CapitalPlus funds from the intended purpose (for the benefit of Blucor and the Project), and (3) sale of the trust fund property (Blucor designated and materials) to various third parties, Blucor has been damaged.

59.     As a direct and proximate result of the fraud, defalcation, embezzlement and larceny conducted by the Stodghills, Blucor has suffered damages in an amount of no less than $1,596,446.71 in principal plus statutory interest thereon.

WHEREFORE, Blucor prays for relief on Count Two of its complaint against the Stodghills, jointly, severally, and against their marital community property assets as follows:

A.     For a determination of non-dischargeability of the Stodghills' debt owed to Blucor pursuant to 11 U.S.C. § 523(a)(4);

B.     For judgment against the Stodghills, as husband and wife, jointly and severally, and against their marital community, in an amount to be proven at trial; and

C.     For such other and further relief as the Court may deem just under the circumstances.

Complaint

1

2      DATED this 22nd day of April, 2022.

3                                   Bluff & Associates

4                                   By: /s/ Guy W. Bluff
5                                      Guy W. Bluff (#010778)
                                       Bruce A. Smidt (#009849)
6                                      Attorneys for Blucor Contracting, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

                                   - 12 -                    Complaint

**Original** filed this 22nd day of April, 2022, with:  <span style="color:red">(Mark Form of Service)</span>

Clerk of the Bankruptcy Court                                        E-Filed  ☒

**Copy** of the foregoing served this 22nd day of April, 2022, upon:

Name of Party / Representative                                    Service Method

Bert L. Roos, Esq.                                                        Delivered  ☐
5045 N. 12th St., Suite B              blrpc85015@msn.com     E-Filed  ☒
Phoenix, AZ 85014-3302                                          Faxed  ☐
Attorney for Debtors                                                Mailed  ☐

Russel Brown, Esq.                                                     Delivered  ☐
3838 N. Central Ave., Suite 800    mail@ch13bk.com         E-Filed  ☒
Phoenix, AZ 85012-1965                                         Faxed  ☐
Trustee                                                                   Mailed  ☐

U.S. Trustee                                                             Delivered  ☐
230 N. 1st Ave., Suite 204        ustpregion14.px.ecf@usdoj.gov  E-Filed  ☒
Phoenix, AZ 85013-1706                                        Faxed  ☐
Attorney for Debtors                                                Mailed  ☐

By:  /s/ Mark E. Sullivan

Complaint